Chancellor D. Johnson
delivered the opinion of the court.
The proposition contained in the only ground of this appeal, is Very clearly correct. The general rule is, that an executor is chargeable with interest on the annual balances, from year to year* but his right to retain funds to meet demands, falling due within the current year, is an exception recognized in all the cases. An executor is entitled to no gain from the admininistration of the estate,but the commissions allowed by law and no rule can be right,, which, in its operation, subjects him to inevitable loss;- and such would be the effect of charging him with interest on the funds, which he has disbursed in the course of the current year in the due course O'f administration.
In making up this account, if I understand it correctly, these rules have in some instances been violated. The account of Mrs. Rickard, one of the legatees, will serve as an example. The proportion of Beckham’s execution, with which she is chargeable, exceeds the amount due to her on the interest account by the sum of $240, and yet the defendant is not credited with that amount until the 1st March, 1824, when, according to the rule which allows the-executor to retain funds to meet accruing demands,, he is entitled to be credited with the amount of the execution as of 1st of March, 1823and the effect is to charge the defendant with interest for the current year, on the funds which he had properly dis« pursed.
The accounts of some of the other legatees, do not stand on precisely the same footing. That of Wm Oswald, may be taken as an example. The balance due to him on the interest account, exceeds, by about $109, the proportion of Beckham’s execution with which he is chargeable t and as that fund does not carry interest, and is, therefore, primarily applicable to the payment of debts, the result is precisely the same whether the defendant is credited as of the 1st March, 1823, or 1824. The report must, therefore, bo reformed accordingly.
To-save the necessity of a future reference to the commissioner, l havo looked over his report, with the assistance of the somplain- *40 ímt’s solicitor, Mr. De Treville, and when corrected according f<t the principles laid down, the balances against the defendant may be thus stated.
Due to Wm. Oswald according to report, .$5657 34
-4806 10 To Sarah Slowman, $4822 90 Deduct interest overcharged, 16 80
$26(54 55 16 SO -2647 75 To Sarah Rickard, Deduct interest overcharged,-
$4346 i)6 20 13 To Mary Freeman, ' - Deduct interest overcharged,--4326 83
To Robert Oswald, Deduct interest overcharged, $42S 06 35 21 -392 85
To Bethel Dewes, adin’r, Deduct interest overcharged,-$243 59 21 36 -222 23
18053 10
By Wm. Oswald, $7983 15 Mrs. Reynolds executrix, 2286 ll -10269 26
Balance, $7783 84-
Of this sum Mr. De Treville, the complainant’s solicitor, in a memorandum at the fool of a copy of the report, herewith filed, acknowledges the receipt' of $6.000, as of the 1st June, 1836, and according to the principles above laid down, the accounts may be thus stated — the interest having, been brought down in the report-to the 29th February, 1836.
Balance due 29th February, 1836, $7783 84
Interest to 1st June, 1836, — 4 months,- 181 62
7965 46
Deduct paid as of that day, 6000 00
Balance due 1st June, 1836,
$1965 46
It is, therefore, ordered and decreed, that the defendant, Charles Givens, do pay to the complainants', Wm. Oswald, Surah Slowman, Sarah Rickard, Mary Freeman, Robert Oswald, and Bethel Dewesj-the sum of nineteen hundred and sixty-five dollars and' forty-six cents, with interest thereon from the 1st day of June, 1-836, until *41 paid ; and that the decree of the Circuit Court he reformed ae-sordmgly.
A. M. Smith, for motion.
De Tkevh,i,b, contra.
Filed 6th March, 1837.
DAVID JOHNSON.
We concur,
J. JOHNSTON,
Ü W, DESAUSSUREs